Northern District of Texas
Ft Worth Division

JKD, Petitioner-Sui Juris
v.
Tarrant Co Sheriff;
Tarrant Co District 432nd Court
Tarrant Co 396th District Court

4-22CV-1156-P

Cause No. _____
*Writ Demanded*
*Mandatory Congressional Intent Demanded*

Petition for Writ of Habeas Corpus, §2241
Pretrial Detention Application

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

I. Jurisdiction

A. This Court has primary jurisdiction: US Const. Art. III §2, 28 USC 1331.
B. This Court has secondary jurisdiction pursuant to 28 USC §2241.

II. Venue

This Court is the proper venue pursuant to 28 USC §1391.

III. Case and Controversy for this Court

This habeas Petition is a superior opportunity to enforce it's jurisdiction by reaching the merits of very narrowly drawn questions of Constitutional law, by applying well established Constitutional jurisprudence and common-law that dates back to the Magna Carta to the factual circumstances with the current actual custody, physical deprivation of liberty by state Courts that lack subject-matter, and act at their own caprice and whim under color of presumed Constitutional State action.

(1)

IV. <u>Consent to proceed before a Magistrate</u> - Petitioner does not consent to, nor request for ANY proceedings before a Magistrate Judge. Petitioner does specifically ask for the Honorable Trial Court Judges attention to begin building a meticulous record for obvious appellate and SCOTUS implications of the proceeding Constitutional claims made.

Petitioner does respectfully request and does so demand; given exceptional and landmark issues to be raised herein; for Evidentiary Hearing to further appellate record interests... as these issues shall both render 5th Circuit holdings in O'Donnell v. Harris County **and** Daves v. Dallas County **MOOT**, but also directly challenge "Comity" and "Our Federalism" interpretation while recalibrating "Seperation of Powers" doctrine and opening a Pandora's box of Texas compliance with Supremacy Clause, Appointments Clause with Bills of Attainder challenges to Texas Constitution.

V. <u>Statement of Facts</u> -

1. On Sept 25, 2022; while at a Pilot Truck Stop off I-35 in North Ft Worth; Petitioner was approched in a crowd of others by two FWPD officers, his person and property seized, and was told he was being investigated for Solicitation of Methamphed.

2. Petitioner, during this inital line of questioning, asked officers if he could leave for bathroom and to get water for dehydration and was told No. Any reasonable person would believe they were not free to go without repercussions. There were no Miranda warnings given, before they began riffling through his pockets while asking questions were being asked. This was custodial in nature, as PD chest cams shall show.

(2)

3. After discovery of active misdemeanor warrants from Rockwall Co, PD handcuffed Petitioner and walked 10-12 yards to where his two suitcases of property sat aside the Pilot entrance and took them to their Cruizer vehicles sat and began riffling through them, as another officer placed Petitioner inside the vehicle after finding no drugs on his person.

4. Other PD officers, while riffling through Petitioners suitcases, claims to have found several bags of white crystaline substance they labelled methamphedimine and to date Petitioner has never seen this substance field tested by officers.

5) Petitioner was pulled out of the Police vehicle to be searched again, where officers claim to have found another tiny bag on his persons containing what appears to be a small (matchstrike) amount of methamphedimine. This also was not field tested.

6. Petitioner was placed back into the backseat to sit and watch these same officers continue to riffle through his two suitcases. After some time passed, Petitioner became aware that the officer's vehicle he was sitting would be transporting him to Jail, seperating him from his suitcases while the other two officers and other unknown number or names would be testing every bottle or container in his property for illegal substances.

7. As shown on officers dash cam, Petitioner demanded that the officers investigation must include the names of the individuals sitting at the picnic table, he was laughed at despite these being material witnesses to the seizure of person and property.

3

8. When the officer pulled off, transporting Petitioner to jail, this was the last time he saw his 2 suitcases and still had not seen any field testing proving the substance was illegal, reactive to the drug test.

## VI. Claims made, Grounds for Relief

9. While there are numerous facts herein that call for §1983 action, However, Petitioner doesn't make those claims here, nor does he seek or desire for any construction of §1983, parlayed or other non-habeas process without first acquiring Favorable Termination of the underlying criminal allegation. See Heck v. Humphrey, 512 US 477 (1994)

10. Even where Tx CCP Ch. 11 Habeas Corpus provided adequate pre-conviction remedys, many of those Constitutional questions, when answered, will deprive Texas Courts unable to rule, lacking subject-matter, Guardianship of Fairly, 650 S.W. 3d 372 (Texas 2022) "subject matter jurisdiction of State Courts derives solely from the State Constitution."

A. <u>Elected Judge violates Due Process.</u>
See J. O'Conner concurrance, J. Ginsberg dissent in <u>Repub Party v. White</u> 536 US 765

B. <u>Tx Const proscribing judicial election violates Supremacy Clause.</u>
<u>Murphy v. Nat'l Collegiate</u>, 138 S.Ct @ 1475 (2018) (quoting Federalist No 32) "Our Const [instructs] that when federal and state law conflict, Federal law prevails and state law is preempted."

C. <u>Tx Const proscribing judicial election violates Appointments Clause.</u>
See <u>Matzen v. McLane</u>, 65 Tex Sup Ct J. 181 (2022) "The appointment... by elected officials provides crucial democratic legitimacy to state."



D. Tx Const proscribing judicial election violates Separation of Powers Framework of two Branches of Politics and one Independent Judiciary.

Collins v. Yellen, 141 S.Ct. 1761 (2021) Constitutional Separation of Powers is designed to preserve the liberty of all the people, and thus, whenever a separation-of-powers violation occurs, any aggrieved party with standing may file a Constitutional challenge.

E. Tx Const proscribing judicial election violates Bill of Attainder Clause.

Cummings v. Missouri, 71 US 277 (1866) Bills of Pains and Penalties, inflicting a punishment less than death, are Bills of Attainder, within the Constitution.

US v. Lovett, 328 US 303 (1946) Legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial, are 'Bills of Attainder' prohibited by the Constitution.

F. Miranda v. Arizona, 384 US 436 (1966)

While there are Terry problems to be discussed in sub(G), Ft Worth Police failed to give any miranda warnings... even after handcuffing, placing Petitioner into back seat of squad car and before any discovery of any alleged controlled substances were allegedly discovered. Officer chest-cam video, car video will be silent on Miranda given. The video will also clearly show, although the Officers claimed this was an investigation, Petitioner stated this looks very 'custodial', even asking if he could go to the restroom which was rejected. Texas law is clear, CCP Art.15.17 'Duties of Arresting Officer'. Texas has a mis-guided view of Miranda... believing an officer can continue questioning after arrest has been made and 48 hours later can get 'Mirandized' by Magistrate.

G. Terry v. Ohio, 392 US 1 (1968)

Howes v. Fields, 565 US 499 (2012) The Freedom of Movement test identifies only a necessary and not a sufficient condition for Miranda custody. A temporary and relatively non-threatening detention involved in a traffic stop does not constitute Miranda custody.

Accordingly, in U.S. v. Thomas, 997 F.3d 603 (5th 2021) the Court held; "One exception to the warrant requirements permits police to conduct an investigatory stop & frisk if two conditions are met: (1) the stop **must be** supported by a **reasonable** suspicion the person is committing a crime..." Here, Petitioner was subject based on anonymous tip claiming he was in possession of a meth pipe based on him asking two people for 'aluminum foil to fix a lightbulb'. Not only a reliability problem with anonymous tipster, asking for aluminum foil to fix (even if it is a meth pipe) a lightbulb, non-law enforcement with no formal training cannot be said to rise to a level of **reasonableness** a purchased 'meth pipe' is criminal conduct. I believe the law will reject a piece of glass possession is criminal without supporting fact it contained a controlled substance.

"And (2) assuming the initial stop is lawful, officer may conduct a protective pat-down if the officer believes the suspect **is armed and dangerous**." This tipster never gave any reason of being armed, nor dangerous...and taking 100% of the tip as fact, possession of meth and a smoking device does not rise to being 'dangerous'.

→ When officers asked Petitioner if they could search his person; under the belief he was 'detained against his will to freely leave'; he consented... believing the officers would use the 'least intrusive' method of patting him down for an object the size of a meth pipe, **NOT** plunge their hands deep into his pockets and begin searching a thin wallet? See Sibron v. New York, 392 U.S. 40 (1968) Under Terry, Petitioner permitted a 'plain-feel' pat-down to remove suspicion of his person, of the original criminal activity. Minnesota v. Dickerson, 508 US 366 (1993). If the Terry protective search goes beyond what is necessary to determine if the suspect (has a meth pipe), it's no longer valid and it's fruits will be suppressed.

The existance of effective consent to search, like it's scope, is determined with reference to objective reasonableness. See U.S. v. Malagerio, 49 F.4th 911 (5th Cir 2022) 'Reversal is appropriate under plain error review **only** if, as the initial requirements, there is error & that error is clear and obvious. U.S. v. Barber, F.Supp.3d (2022 WL 2841481-TXED)

If person consenting to search does not impose limits on search, standard for measuring scope is that of objective reasonableness...ie what typical reasonable person would have understood by exchange between officer & suspect.

⑥

The Miranda and Terry problems here can be eloquently summed up by Chief Justice Roberts in DHS v. Regents-UC, 140 S.Ct 1891 (2020) and echoed by Justice Gorsuch 4 months later in Niz-Chavez v. Garland, 141 S.Ct 1474 (2021): "Justice Holmes famously wrote: 'Men must turn square corners when they deal with the Gov't' (Citation omitted) But it's also true, particularity when so much is at stake, that "the Gov't should turn square corners in dealing with the people." (citation omitted). The basic rule here is clear: [The Gov't] MUST defend [itself] based on the reasons it gave when it [acted and seized a person.] This is not the case for cutting-corners to allow [the Police] to rely upon reasons absent from it's original decision.' DHS @ 1909-10

H. Penalty Group 1(6) is impermissable vague, void for vagueness

State v. Ross, 573 S.W.3d 817 (Tex Crim App 2019) The void for Vagueness doctrine requires a penal statute define the criminal offense with **sufficient** definitiness that ordinary people can understand what conduct is prohibited and in a manner that does **NOT** encourage arbitrary and discriminatory enforcement. See also Comm for Lawyer Discipline v. Benton, 980 S.W.2d 425 (Texas 1998) Vague Statute offense Due Process in two ways: (1) it fails to give fair notice of what conduct may be punished, forcing people to guess at the statute's meaning... threatening to trap the innocent.

Penalty Group 1(6) is grossly deficient with 'sufficient definitiness' as is done in subparagraph (1) and (2)'s 'plain english language' within the specific chemical designations. Furthermore, subgroup (6) is grossly deficient with 'sufficient definitiness' as done in Sub-paragraph (4) detailing numerous very specific 'Molecular structures'. Working in concert with vague legislation, the indictment tracks such amorphous and generic nomenclature... fails to provide adequate notice of what '**specifically**' will be proven at trial without ambiguity. Moreover, the police report claims to have discovered a crystaline 'Ice' substance they called 'Chards'. See "Evidence of Ice" nomenclature" 37 No 20 West Criminal Law News NL 28 (2020). However, the prosecution has not produced any forensic lab report compliant with CCP Art 38.41, that substantiates any actual controlled substance was obtained. See US v. Cornell, 972 F.3d 932 (7th 2020) gov't **MUST** prove the drugs... are more likely the drugs as described in the [Penalty Group which he is charged.] "Methamphetamine"

(7)

is a generic report form being used as a catch-all where there exists legislative dereliction owed to the people of Texas.

In Sessions v. Dimaya, 138 S. Ct. 1204 (2018) held the void-for-vagueness doctrine guarantees that ordinary people have fair notice of the conduct a statute proscribes, and the doctrine guards against arbitrary or discriminatory law enforcement. "In a sense, the doctrine is a collary of Seperation of Powers - requiring that Congress... define what conduct is sanctionable" (quoting Kolander v. Lawson, 461 US 352, 357 (1983) In concurrance; J. Gorsuch stated: "Vague laws invite arbitrary power... Vague laws also threaten to transfer legislative power to police and prosecutors, leaving to them the job of shaping a vague statutes contours through their enforcement decisions. See Grayned v. City of Rockford, 408 US 104, 108 (1972)(Vague laws impermissably delegates basic policy matters to Policemen, Judges & Juries for resolution on and ad hoc, subjective basis) Sessions @ 1228

I. Tx Health & Safety Code 481.115 is impermissably vague, void

Furthering contentions in claim H; and construed in their entirety as they were written here; where the statute points back to Penalty Group 1, it leaves the accused insufficient notice; failing to provide 'sufficient definiteness' of notice of prohibited conduct.

Because §481.115 does allow possession of a controlled substance that has been obtained via valid prescription, Petitioner has been denied Due Process where the Grand Jury was not provided a forensic lab report pursuant to CCP Art 38.41 showing the actual substance was **NOT** a prescription that was a false positive for methamphetamine, nor that it was not legally obtained.

Because §481.115 does allow possession of controlled substance that's been obtained via a prescription... Petitioner has been denied Due Process where the indictment fails to show the exact molecular structure, it's 'chemical desigination', showing the substance is in fact listed in Penalty Group 1. The field test kit results **are Not** admissable in court, and thus inappropriate for Grand Jury. Pursuant to Art 38.41, there is no laboratory involved in analysis of the substance, nor is there any results of their testing. Given the unreliability of the field test, it's higher percentages of inaccurate, false positives and limited scientific results based solely on a color change... the testing method's prohibitive value force doesn't outweighs it's evidentary value in Grand Jury proceedings

(8)

See Tx Rules of Evidence, Rule 403: 'Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of... unfair prejudice, misleading the [grand] jury.' Unless a scientific administered lab report, compliant with CCP Art. 38.41, showing a date prior to date of indictment, and the prosecution can prove this report was used in grand jury proceedings... the grand jury proceedings are void on their face, all charges must be dismissed with prejudice.

## VII. Prayer

Having considered all things and in light there exists a miscarriage of justice occurring with misrepresentation of these facts; Petitioner prays for a speedy resolution in his favor ... an immediate release from the caprice and whim of over-reaching Executive-Action... but that justice be done by publication of legal issues, their adjudication in Federal & SouthWest Reporters for the purpose of Criminal Justice Reform.

Respectfully
/s/ Joseph Dingler
joseph.dingler@yahoo.com

## Unsworn Declaration

I, Joseph Dingler, Tarrant County CID#0998964, do declare under penalty of perjury... I am confined against my will in Tarrant County jail under egregious circumstances and the foregoing is true and correct to the best of my ability.

Dec 19, 22